IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Anthony C. Barrett, | : | |
| Plaintiff, | : | Case No.  2:14-cv-0216 |
| v. | : | JUDGE PETER C. ECONOMUS |
| Algenon L. Marbley, et al., | : | Magistrate Judge Kemp |
| Defendants. | : | |

ORDER

 Plaintiff, Anthony C. Barrett, a federal prisoner and also the petitioner in a prior case filed under 28 U.S.C. §2255, see Barrett v. United States, Case No. 2:11-cr-173, filed this case against the District Judge in that case, the Hon. Algenon L. Marbley, the Assistant United States Attorney in that case, Salvador A. Dominguez, attorney J. Kristin Burkett, who represented Mr. Barrett in the underlying criminal case, and Adrienne M. Larimer, a member of Ms. Burkett's law firm.  Mr. Barrett claims that the defendants, collectively, defrauded him and that one or more of them maliciously prosecuted him, made misrepresentations to him, and committed perjury.  He also claims a violation of his civil rights, conspiracy, and infliction of emotional distress.

 The normal first steps in such a case involve determining what filing fee to assess under the Prison Litigation Reform Act and screening the complaint to determine if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an official who is immune from such relief.  See 28 U.S.C. §1915(a)(2), (e)(2).  In this Court, those determinations are made by the assigned Magistrate Judge.  See Eastern Division Order 14-01, Section II.

Mr. Barrett has filed a motion (Doc. 2) asking that the undersigned Magistrate Judge recuse himself from these and other duties in the case, citing the fact that the same Magistrate Judge was assigned to the §2255 case and had recommended that the Court dismiss the petition (which Judge Marbley did in an order filed on January 14, 2014, and from which Mr. Barrett has appealed).  Mr. Barrett claims that it would be a conflict of interest for the Magistrate Judge to make rulings in this case.

Under the current state of the law, Mr. Barrett is simply mistaken.  The mere fact that a judge ruled against a litigant on the merits in a prior case does not disqualify the judge from sitting in future cases involving the same party.  As Magistrate Judge Merz of this Court has observed, quoting the Supreme Court's decision in <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994),

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. <u>See United States v. Grinnell Corp.</u>, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). ... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

<u>Wilson v. Warden</u>, 2010 WL 717273, *2 (S.D. Ohio March 1, 2010).

Any opinions formed by this Magistrate Judge in the prior §2255 case concerning any facts or issues raised here, which include the performance of Mr. Barrett's attorneys - he raised ineffective assistance of counsel claims in his §2255 motion - were based exclusively on the record of the §2255 proceeding.  Those rulings do not reflect any extrajudicial bias against Mr. Barrett or show any "deep-seated favoritism or antagonism" either

for the defendants in this case or against Mr. Barrett.

Having said all that, a judge is required to recuse himself or herself if that judge's "impartiality might reasonably be questioned." 28 U.S.C. §455. Mr. Barrett may well question this particular Magistrate Judge's ability to be impartial here, but the issue is not whether Mr. Barrett thinks that, but whether a reasonably objective observer might do so. See LoCasio v. United States, 372 F.Supp. 2d 304, 317 (E.D.N.Y. 2005) ("§455(a) requires disqualification when the judge's impartiality might reasonably be questioned and that ... determination is to be made on an objective basis ..."). As noted, the United States Supreme Court has held that prior adverse rulings by a judge, if they are based on the record before the court and the judge's view of the law, are not enough for a reasonable person to conclude that the judge cannot be fair in a subsequent case. When there is no legal basis for recusal, "a judge has as much obligation not to recuse himself where there is no reason to do so as he does to recuse himself when the converse is true." United States v. Greenspan, 26 F.3d 1001, 1005 (10th Cir. 1994).

Mr. Barrett has not presented any proper legal grounds for recusal. All of the facts he alleges in support of his current civil rights claim occurred during the course of his criminal case, and this Magistrate Judge was not involved in that case beyond the initial stages; the last involvement occurred, according to the docket, on July 20, 2011, when Mr. Barrett entered his not guilty plea. All of Mr. Barrett's claims appear to relate to Court events which happened on or after August 17, 2011, when he signed the plea agreement, such as events which occurred when he had his plea hearing before Judge Marbley and when Judge Marbley sentenced him, or to out-of-court discussions Mr. Barrett had with his attorney. This Magistrate Judge was not involved in those aspects of the case, nor does he have any

-3-

knowledge of any of those proceedings beyond what appears on the docket.  Under these circumstances, there is simply no legal basis for recusal.  Mr. Barrett's motion (Doc. 2) is therefore denied.  The Court will issue a separate order addressing the motion for leave to proceed *in forma pauperis* and conducting the initial screening required by the Prison Litigation Reform Act.

## MOTION FOR RECONSIDERATION

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. § 636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge