IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY C. BARRETT,<br><br>Plaintiff,<br><br>v.<br><br>ALGENON L. MARBLEY,<br><br>Defendant. | Case No. 2:14-cv-0216<br>Judge Peter C. Economus<br>Magistrate Judge Kemp<br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court for consideration of Plaintiff Anthony Barrett's ("Mr. Barrett") Motions for Reconsideration. (ECF No. 6; ECF No. 15.) For the reasons that follow, the Court **DENIES** Mr. Barrett's Motions.

In the case *sub judice*, Mr. Barrett filed two motions for recusal. (ECF No. 2; ECF No. 13.) Mr. Barrett requested that Magistrate Judge Terrence P. Kemp recuse himself because of a conflict of interest, prejudice, and bias. Mr. Barrett argued further that Magistrate Judge Kemp should recuse because of his involvement in Mr. Barrett's previous criminal case, and his relations to Judge Algenon L. Marbley. Magistrate Judge Kemp denied both of Mr. Barrett's motions for recusal. (ECF No. 3; ECF No. 14.)

Under 28 U.S.C. § 455, a judge is required to recuse himself or herself if that judge's "impartiality might be reasonably questioned." "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Wilson v. Warden*, No. 10-cv-54, 2010 WL 717273, at *2 (S.D. Ohio March 1, 2010). Magistrate Judge Kemp explained that the analysis depends upon "whether a reasonably objective observer might" question the judge's impartiality. (ECF No. 3 at 3.)

Magistrate Judge Kemp denied Mr. Barrett's first motion for recusal because "Mr. Barrett [had] not presented any proper legal grounds for recusal." (ECF No. 3 at 3.) The Magistrate Judge explained that he "was not involved in the [criminal] case beyond the initial stages." (*Id.*) Magistrate Judge Kemp denied Mr. Barrett's second motion for recusal as untimely, and also because it lacked merit. (ECF No. 14 at 3.) The Magistrate Judge noted that "[t]he relationship of two judges on the same court is not 'extrajudicial,' and without some added evidence of bias or prejudice, it is simply not grounds for recusal. *See Merritt v. Lauderbach*, No. 12-cv-14141, 2013 WL 1148418 (E.D. Mich. March 19, 2013)." (*Id.*)

Currently before the Court are the two Motions for Reconsideration that Mr. Barrett filed. (ECF No. 9; ECF No. 15.) In those motions, he asks this Court to overrule Magistrate Judge Kemp's denial of his motions for recusal, and to require Magistrate Judge Kemp to recuse himself from this case.

Under Rule 72(a) of the Federal Rules of Civil, a party may file a motion requesting a district judge to reconsider a magistrate judge's nondispositive order. District judges "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also, United States v. Raddatz,* 447 U.S. 667, 673 (1980) (finding that a district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive, preliminary measures"). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 398 (1948); *Hagaman v. Commissioner of Internal Revenue,* 958 F.2d 684, 690 (6th Cir. 1992).

In his first Motion for Reconsideration, Mr. Barrett asserts that Magistrate Judge Kemp cannot be fair because he is "a colleague of the defendant." (ECF No. 9 at 1.) Mr. Barrett's argument is not well taken. First, Mr. Barrett fails to point to any evidence that would leave this Court with a definite and firm conviction that a mistake has been committed. Mr. Barrett provides no evidence of Magistrate Judge Kemp's supposed deep-seated favoritism or antagonism. Mr. Barrett only recites arguments that the Magistrate Judge has already thoroughly addressed.

In his second Motion for Reconsideration, Mr. Barrett alleges that Magistrate Judge Kemp committed perjury. (ECF No. 15 at 1.) Mr. Barrett explains that Magistrate Judge Kemp was involved in the post-conviction proceedings of Mr. Barrett's criminal case, and the Magistrate Judge was incorrect when he noted that he was not involved in the case beyond the initial proceedings. The Court finds that Mr. Barrett's claim that Magistrate Judge Kemp committed perjury is not correct. Magistrate Judge Kemp merely noted that he was not involved in any aspect of Mr. Barrett's criminal case that relate to the claims in this case. (ECF No. 3.)

Nothing in the record would lead this Court to believe Magistrate Judge Kemp should recuse himself from this case. The Magistrate Judge provided clear, sound, and well-reasoned analysis for his findings. Therefore, the Court finds that the Magistrate Judge Kemp did not make any conclusion that is clearly erroneous or contrary to law.

For the reasons discussed above, the Court **DENIES** Mr. Barrett's Motions for Reconsideration.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE