**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ANTHONY C. BARRETT,**<br>**Plaintiff,**<br>v.<br>**ALGENON L. MARBLEY,**<br>**Defendant.** | **Case No. 2:14-cv-0216**<br>**Judge Peter C. Economus**<br>**Magistrate Judge Kemp**<br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court for consideration of Magistrate Judge Terrence P. Kemp's Report & Recommendation ("R & R") (ECF No. 6), and Plaintiff Anthony Barrett's ("Mr. Barrett") Objection thereto (ECF No. 8). For the reasons that follow, the Court **OVERRULES** the Objection, **ADOPTS** the R & R, and **DISMISSES** this case for failure to state a claim. Mr. Barrett has also filed a Motion for Default Judgment. (ECF No. 12.) The Court **DENIES** this motion as **MOOT.**

In the instant action, Mr. Barrett, a prisoner, filed a motion to proceed *in forma pauperis*. (ECF No. 1.) Section 1915(e)(2) provides that in proceedings *in forma pauperis*, the court may dismiss the case under certain circumstances. 28 U.S.C. § 1915. Section 1915A further provides that in any prisoner case, the court shall dismiss the complaint or any portion of it if, it appears upon an initial screening that the complaint, "is frivolous or malicious or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."

In the complaint filed in this case, Mr. Barrett asks for his sentence to be vacated, and he requests one billion dollars in compensatory damages. (ECF No. 5.) Magistrate Judge Kemp dismissed this action for failure to state a claim upon which relief may be granted pursuant to a

screening under Section 1915A. (ECF No. 6 at 1.) Magistrate Judge Kemp found that the doctrine of immunity barred the majority of Mr. Barrett's claims. (*Id*. at 4-9.)

Mr. Barrett filed an Objection to Magistrate Judge Kemp's R & R. (ECF No. 8.)

A district court must review *de novo* specific objections to a magistrate judge's R & R, and may accept, reject, or modify any portion of the magistrate judge's findings or recommendations. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citations omitted). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller,* 50 F.3d at 380).

The Court discerns that Mr. Barrett only makes one objection. Mr. Barrett objects to Magistrate Judge Kemp's recommendation to dismiss this case because the doctrine of judicial immunity bars any claims against Judge Algenon L. Marbley. Specifically, Mr. Barrett objects to the R & R because the Magistrate Judge relied on *Bradley v. Fisher*, 80 U.S. 335 (1871). (ECF No. 8 at 5.) Mr. Barrett argues that under *Erie v. Tompkins*, 304 U.S. 64 (1938), no cases can be cited that are prior to 1939. (ECF No. 8.) Mr. Barrett asserts that "[t]here can be no mixing of the old law with the new law."

Mr. Barrett's argument misses the mark. Mr. Barrett correctly notes that *Erie v. Tompkins* deals with the application of federal common law. *Erie v. Tompkins*, however, dealt with the application of federal common law in diversity cases alleging state law claims. In *Erie v.*

*Tompkins*, the Supreme Court found that "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state." 304 U.S. at 78. In the matter before this Court, Mr. Barrett alleges claims that arise under federal law. Therefore, *Erie v. Tompkins* does not apply.

Moreover, the Magistrate Judge only cited *Bradley v. Fisher* to lay the historical foundation for his discussion of the doctrine of judicial immunity. The Magistrate Judge relied on a number of new cases in his R & R to explain why judicial immunity applies here, including: *Stump v. Sparkman*, 435 U.S. 349 (1978), *Ireland v. Tunis*, 113 F.3d 1435,1441 (6th Cir. 1997), *Henderson v. Alabama*, Case No. 07-cv-167, 2008 WL 4265049, at *5 (S.D. Ala. Sept. 12, 2008), and *Mikkilineni v. Com. Of Pennsylvania*, Case No. 02-cv-1205, 2003 WL 21854754, at *5 (D.D.C. Aug. 5, 2003). (ECF No. 6.)

Mr. Barrett fails to posit any other objection. This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*, and finds that it is well-supported. This Court finds that Mr. Barrett's objections are without merit.

For the reasons discussed above, the Court **OVERRULES** the objections (ECF No. 8.), **ADOPTS** the R & R, and **DISMISSES** this case for failure to state a claim upon which relief may be granted. The Court **DENIES** all other pending motions (ECF No. 15.) as **MOOT**. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this dismissal could not be taken in good faith.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE